**Glen KUZNIAR and Cynthia Kuzniar, Appellants,**

**v.**

**STATE FARM LLOYDS, Appellee.**

**No. 04–98–00501–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 17, 2001.

Rehearing Overruled April 25, 2001.

Robert W. Loree, Law Office of Robert W. Loree, Thomas Hernandez, Law Office of Thomas Hernandez, San Antonio, for Appellant.

Barry A. Chasnoff, David R. Stephens, Jo Beth Eubanks, Ricky H. Rosenblum, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for Appellee.

Sitting en banc: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

**ON MOTION FOR EN BANC RECONSIDERATION**

PAUL W. GREEN, Justice.

The motion for en banc reconsideration is granted. The panel opinion and judgment dated July 12, 2000 are withdrawn and the following is substituted.

\* \* \*

■ In this limitations case, the insureds delayed four years before filing suit on a policy claim. The insurance policy contains a contractual two-year limitations period and, based on this, the insurer won a summary judgment on its limitations defense. On appeal, the insureds claim the limitations period was tolled because they were never told whether their claim had been rejected. The summary judgment is affirmed.

### Facts

The Kuzniars reported in August 1992 that they suspected a plumbing leak under their home. State Farm opened a claim file and sent its adjuster to investigate the claim. The adjuster asked the Kuzniars to hire a plumber to confirm the leak. However, neither the adjuster nor State Farm heard back from the Kuzniars and the claim file was closed in January 1993. It is undisputed that all communications between the parties regarding the claim occurred during 1992. Suit for failure to pay the claim was filed in August 1996.

### Discussion

■ We must determine when the cause of action accrued, which is a question of law. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). Generally, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). This is generally known as the legal injury rule. All claims are treated in accordance with the legal injury rule unless the claim falls within either of two types of cases. Accrual will be deferred if 1) the cause of action is not discovered as a result of fraud or fraudulent concealment, or 2) the cause of action is one that is "inherently undiscoverable." *Id.* at 6. The Kuzniars do not contend State Farm acted fraudulently to conceal the fact of injury, nor do they contend their claim is one that is "inherently undiscoverable" as that term has been described by the supreme court. *See id.* at 7 ("An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence."). Accordingly, the time of accrual of the Kuzniars' cause of action must be determined in accordance with the legal injury rule.

The legal injury in this case occurred when State Farm unreasonably failed to pay the Kuzniars' claim, which at the very latest was when the claim file was closed on January 13, 1993.[1] The Kuzniars argue, however, the legal injury should derive from State Farm's failure to comply with its statutory duty to timely accept or reject the policy claim. But the failure to comply with a statutory duty has nothing to do with, and fails to vitiate, the Kuzniars' own responsibility to exercise diligence in pursuing their claim. The closing of the claim file was an objectively verifiable event that unambiguously demonstrated State Farm's intent not to pay the claim, "even if the fact of injury [was] not discovered until later." *See id.* at 4.

The dissent relies on a footnote in *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex.1990) to support its argument that the legal injury rule does not apply in this case, but that a "special" and different test is applied in determining when a cause of action accrues against an insurance company in a bad faith failure to pay case. *See Murray*, 800 S.W.2d at 828

---

**1.** The term "unreasonably failed to pay" means the point when facts come into existence, whether known by the claimant or not, that authorize the claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex.1990).

n. 2. The dissent argues that in bad faith cases a fact issue may exist concerning when the cause of action accrues when the insurer fails to timely pay or deny the claim. However, reliance on *Murray* is misplaced for at least two reasons. First, the court candidly admits the legal point it was making in the footnote was dictum and had nothing to do with the case. *Id.* ("When, *unlike this case,* there is no outright denial of a claim ....")(emphasis added). The footnote cannot, therefore, be relied on as if it were the holding of the court.

More importantly, the *Murray* footnote refers to a scenario where the insurance company "strings an insured along without denying or paying a claim." *Id.* It seems obvious the court was referring to fraudulent conduct on the part of the insurer. If the Kuzniars had alleged State Farm acted fraudulently in connection with its denial of the claim, then perhaps a fact issue would exist concerning when the cause of action accrued. *See S.V.,* 933 S.W.2d at 6 (accrual of cause of action deferred in cases of fraud or fraudulent concealment). However, as we have noted, the Kuzniars made no such claim. And there is nothing in this record, even after indulging all inferences and doubts in favor of the Kuzniars, to suggest State Farm was wrongfully stringing along the Kuzniars. Indeed, the parties did not even communicate with each other after 1992.

And even if fraud had been alleged, the Kuzniars would have had a very difficult burden to overcome. The lawsuit was filed four years after the original claim was made. That means there was a delay of at least *two full years* before the earliest date the cause of action could have accrued for the suit to remain viable. The Kuzniars would have had the burden of proving this very lengthy delay was not a lack of diligence as a matter of law.

### Conclusion

The legal injury rule applies in this case because the Kuzniars made no allegation that would defer the accrual of the cause of action. The Kuzniars sustained a legal injury, at the latest, when State Farm closed its claim file in January 1993 without paying the Kuzniars' claim. Because there is no genuine issue of material fact that suit was filed more than two years after January 1993, the summary judgment is affirmed.

Dissenting opinion by ÁLMA L. LÓPEZ, Justice.

LÓPEZ, Justice, dissenting.

I agree with the majority's opinion in regard to the Kuzniars' claims for breach of contract, negligence, fraud, violation of the Texas Insurance Code, and violation of the Deceptive Trade Practice Act, but I disagree with the majority opinion as it applies to the Kuzniars' claim of breach of the duty of good faith and fair dealing. Although the legal injury rule applies to the Kuzniars' other claims, the Supreme Court of Texas established a special test for determining when a cause of action accrues for the bad faith denial of an insurance claim in *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex. 1990). In *Murray,* the Supreme Court held that a cause of action for bad faith against an insurance company generally accrues on the date the insurance company denies the claim. *See Murray,* 800 S.W.2d at 828–29. However, when there is no outright denial of the claim, the exact date of accrual of a cause of action is a question of fact to be determined on a case-by-case basis. *Id.* at 828 n. 2. The case cited by the Supreme Court as authority for this position, *Safeco Ins. Co. of America v. Sims,* 435 So.2d 1219, 1222 (Ala.1983), states the rules as follows: "The cause of

action for bad faith refusal to honor insurance benefits accrues upon the event of the bad faith refusal, or upon the knowledge of facts which would reasonably lead the insured to a discovery of the bad faith refusal."

In this case, there was no outright denial of the Kuzniars' 1992 claim. Accordingly, the date the Kuzniars' bad faith claim accrued is a question of fact. *Murray*, 800 S.W.2d at 828 n. 2. Summary judgment would only be proper if no material fact exists with regard to the accrual date so that the date can be decided as a matter of law. *See Nixon*, 690 S.W.2d at 548–49) (movant has burden to show absence of genuine issue of material fact and entitlement to summary judgment as a matter of law); *see also Lenape Resources Corp. v. Tennessee Gas Pipeline Co.*, 925 S.W.2d 565, 584 (Tex.1996) (Phillips, C.J., concurring and dissenting)(question of fact can be proved so conclusively that it becomes a question of law). Resolving all doubt in favor of the Kuzniars, the court must accept that the Kuzniars were never contacted regarding the claim after State Farm's adjuster told them to hire a plumber to test the system and an engineer to inspect their home. The court must also accept that the Kuzniars were never told that they would be reimbursed for these services.

Under article 21.55 of the Texas Insurance Code, an insurer is required to notify a claimant in writing when it denies an insurance claim. TEX. INS.CODE ANN. art. 21.55, § 3 (Vernon Supp.2000). It is undisputed that State Farm never provided written notice to the Kuzniars when it closed the file on the 1992 claim in January

of 1993. Nevertheless, despite the fact that the investigation of the claim was State Farm's responsibility and despite the fact that State Farm violated its statutory notification requirement, State Farm contends that the Kuzniars' failure to pursue the matter further resolves all doubt as to when their cause of action accrued. I disagree. Balancing the responsibilities of the parties under the facts in this case in order to determine whether the Kuzniars' bad faith claim accrued prior to August 7, 1994, is a matter that is best determined by a jury.[1] Because I believe the summary judgment evidence does not conclusively establish the date on which the Kuzniars' bad faith claim against State Farm accrued, I would reverse and remand the trial court's judgment as to the Kuzniars' claim of breach of the duty of good faith and fair dealing.

---

1. The facts in this case are readily distinguishable from those in *Tectonic Realty Inv. Co. v. CNA Lloyd's of Texas Ins. Co.*, 812 S.W.2d 647 (Tex.App.—Dallas 1991), *overruled in part, Johnson & Higgins of Texas, Inc. v. Kenneco* *Energy, Inc.*, 962 S.W.2d 507 (Tex.1998). In *Tectonic Realty Inv. Co,* the insurer continually corresponded with the insured regarding the proposed coverage. 812 S.W.2d at 653–54.