Ronald A. PACE, Appellant,

v.

TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY,
Appellee.

No. 14–03–01401–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 24, 2005.

Jeffrey Nolan Diamant, C. Dennis Barrow Jr., Pamela Diane Thacker, Houston, for appellant.

John Chadwick Gauntt, The Woodlands, Kimberly P. Cox, Spring, for appellee.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this homeowners insurance policy coverage case, Ronald Pace appeals a summary judgment in favor of Travelers Lloyds of Texas Insurance Company ("Travelers") on the ground that fact issues were raised as to when the statute of limitations period began to run. We affirm.

### Standard of Review

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. TEX.R. CIV. P.

166a(c). A defendant moving for summary judgment on the affirmative defense of limitations must conclusively prove when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In reviewing a summary judgment, we take all evidence favorable to the nonmovant as true and resolve every doubt, and indulge every reasonable inference, in the nonmovant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex.2004).

### Ambiguous Letters

██ Travelers's motion for summary judgment in this case asserted that: (1) the two-year limitations period applicable to Pace's claims began to run on April 26, 2000, the date of its letter denying those claims; (2) Pace filed his petition on January 8, 2003, more than two years after April 26, 2000; and, therefore, (3) Pace's claims were barred by limitations. It is not disputed in this case that a two-year limitations period began to run upon the denial of Pace's claim, but only when that denial occurred.

The April 26 letter stated, in part:

After careful consideration of all information available to us, we have determined that the damage to your property is not afforded coverage under the insurance policy.

Our investigation indicates that the damage has resulted from settlement and/or movement of the structure due to causes which are not attributable to accidental leakage from the plumbing system.

Based on the results of our investigation and the Exclusions referenced above, we regret that we will be unable to make any payment for the cost to repair damages that are attributable to foundation movement.

*If you have additional information that you feel may have an impact on this coverage decision or should you have any questions concerning this claim please forward same to me. . . .*

(emphasis added). Pace's first and third issues contend that the last sentence, italicized above: (1) rendered the letter ambiguous as to whether the coverage decision was final or, alternatively, in an ongoing state of evaluation; and (2) thereby created a fact issue whether it was a denial of coverage.

Following the April 26 letter, Pace hired an engineer who concluded that the foundation damage had been caused by plumbing leaks, and Pace forwarded a copy of his report to Travelers. Travelers replied to this information in a letter dated September 24, 2001, which stated:

*In a continued effort to determine if there is coverage* for the damage being claimed in the above mentioned loss we requested E. Earl Peebles, P.E., with National Loss Consultants, [to] inspect and reevaluate the information you submitted and the original report prepared by [National Loss Consultants].

Enclosed for your review is a copy of Mr. Peebles['s] response to the additional information. National Loss Consultants findings remain unchanged.

Based on our review of your claim file[,] we regret our position remains the same. We are unable to issue claim payment for the loss caused by foundation settlement that is not the result of a leaking plumbing system.

If you have any further questions regarding your claim[,] please do not hesitate to contact me. . . .

(emphasis added). Pace's first and third issues further contend that the italicized portion of the first sentence of the September 24 letter indicates that Travelers had been continuing to evaluate the claim in the interim and thereby further raised a fact issue whether a coverage determination had indeed been made in conjunction with the April 26 letter. We disagree.

The April 26 letter plainly stated, "we have determined that the damage to your property is not afforded coverage under the insurance policy," provided a reason for the decision, then reiterated that "we will be unable to make payment. . . ." This unequivocally communicated a decision to deny coverage.[1] Although the final paragraph of that letter invited Pace to provide any additional information he felt might have an impact on the decision, it did not *request* any further information, suggest that any further information would be needed, or even useful, to reach a decision, or otherwise imply that the coverage decision had not been made.

In addition, it does not necessarily follow that: (1) because a decision has been made, it cannot be subsequently changed; or (2) because a decision can later be changed, it has not been made. Therefore, neither the fact that the April 26 letter left open the possibility that new information could potentially cause a different decision to be reached, nor the fact that the September 24 letter acknowledged that the new information provided by Pace had been reviewed to determine if a different decision was warranted, created uncertainty whether a decision had been made in conjunction with the April 26 letter.

Under Pace's interpretation of the letters, an insurer faced with a request for

---

1. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 222–23 (Tex.2003) (holding that, to be a denial of a claim, insurer's letter need not use the word "deny" or other magic words if its determination regarding the claim and the reasons therefor are clearly conveyed in writing to the insured).

reconsideration of a denial of coverage would be put to the choice between refusing it outright, thereby risking a bad faith claim,[2] or considering the request and re-starting the limitations period. We can find no authority or rationale to support such an approach (but only a potential for increasing litigation needlessly). Because the April 26 and September 24 letters neither reasonably indicated that a coverage decision had not been made by April 26, nor left any ambiguity in that regard, we overrule Pace's first and third issues.

## Additional Claim

 Pace's second issue contends that a second claim was created by the additional information he provided after the April 26 letter, such that the September 24 letter, denying that claim, began a new limitations period. *See Pena v. State Farm Lloyds*, 980 S.W.2d 949 (Tex.App.-Corpus Christi 1998, no pet.). Although the application of the law to the facts in *Pena* is difficult to follow, that opinion expressly applied the principle that, "claims for additional payments may begin the statute of limitations running anew." *Id.* at 954. The relevant portion of the opinion concludes:

> Because the slab foundation problems were essentially on-going, and its subsequent reinvestigation of and partial payment for the same reported problems, it appears the denial of the October 1991 claim was effectively reconsidered and withdrawn by State Farm, thus resetting the starting date for limitations to March 31, 1994.

*Id.* The present case differs factually from *Pena* in two important respects: (1) Pena's summary judgment response did not contend that the information he provided to Travelers after he received the April 26 letter asserted a claim for any *additional*

damages, *i.e.,* in addition to any damages he claimed before the April 26 letter; and (2) to whatever extent the April 26 decision was reconsidered by Travelers based on the additional information, there is no evidence that that decision was ever expressly or impliedly withdrawn or changed, such as by making payment or otherwise taking action inconsistent with that decision. Without evidence of either a claim for additional damages or a withdrawing or changing of the April 26 decision, as in *Pena,* Pace has provided us no basis to conclude that the rationale of that case has any application here. Accordingly, Pace's second issue is overruled and the judgment of the trial court is affirmed.

---

2. *See, e.g.,* Tex. Ins.Code Ann. art. 21.21, § 4(10)(a)(ii) (Vernon Supp.2004-05).