# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20522

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2016

Lyle W. Cayce
Clerk

VADA DE JONGH,

> Plaintiff–Appellant,

v.

STATE FARM LLOYDS,

> Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2305

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

This insurance dispute concerns when the Plaintiff–Appellant Vada De Jongh's cause of action against her homeowner's insurance provider, State Farm Lloyds ("State Farm"), accrued. The parties dispute whether the claim accrued on the date State Farm denied De Jongh's insurance claim or on a subsequent date when State Farm reinspected De Jongh's property and again denied coverage. State Farm moved for summary judgment, arguing that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20522

cause of action accrued as a matter of law when State Farm first closed De Jongh's claim file and thus that the suit was time barred under the limitations clause in De Jongh's insurance policy and by statute. The district court granted State Farm's motion for summary judgment. We AFFIRM.

## I. BACKGROUND

### A.    Insurance Claim

In May 2012, De Jongh filed an insurance claim with State Farm for property damage caused by a hail and wind storm that hit De Jongh's home in early April of the same year. State Farm dispatched a claims adjuster to inspect De Jongh's property for storm damage that week. The adjuster noted in De Jongh's claim file that there were deteriorating shingles on the rear slope of the roof and "evidence of small hail on an aluminum vent cap." The adjuster also noted that the "[h]ail was too small to damage the shingle" and that some minor damage caused by an overhanging tree constituted a maintenance issue excluded under De Jongh's insurance policy. Thereafter the adjuster informed De Jongh that the inspection revealed no damage covered by her insurance policy.

State Farm entered notes into its claims management system on June 11 and 12, 2012, evidencing its intention to issue a denial of coverage letter to De Jongh. The notes indicate the letter was to explain that De Jongh's roof damage was the result of maintenance issues excluded from coverage. On July 12, 2012, State Farm closed its file regarding De Jongh's claim. De Jongh asserts that she never received the June denial letter indicated in State Farm's records. State Farm did not issue any payment to De Jongh when it closed her file.

On August 17, 2012, De Jongh requested that State Farm reinspect the property. Three days later, State Farm reopened De Jongh's claim. On August 23, 2012, a new adjuster reinspected De Jongh's property and observed damage

No. 15-20522

to a metal patio cover that was not listed in the initial inspection report. Nevertheless, the cost of repairing the damage the inspection uncovered was less than De Jongh's deductible. State Farm again closed De Jongh's claim without payment. This time State Farm did send a letter, on August 23, 2012, acknowledging minor damage but explaining that it would not pay because the amount did not exceed the deductible. De Jongh alleges that the August 23 letter was the only denial letter she received from State Farm.

## B.    Procedural History

In November 2012, De Jongh filed suit against State Farm Lloyds, Inc. ("Lloyds") and Dwight Johnson, the insurance adjuster who initially inspected De Jongh's property. Lloyds is a related entity but distinct from the party named in the present case, State Farm Lloyds.[1] De Jongh's alleged breach of contract and violations of the Texas Prompt Payment of Claims Act against Lloyds and violations of the Deceptive Trade Practices Act ("DTPA") against Lloyds and Johnson. State Farm—not Lloyds—filed an answer in December 2012, asserting that it had been "incorrectly named as State Farm Lloyds Inc." "However, State Farm did not move to intervene or otherwise request that the state court substitute it as the proper party in interest." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 436 (5th Cir. 2014). Yet in December 2012, State Farm removed the case to federal court. On February 27, 2013, the court issued a take-nothing judgment in favor of State Farm and Johnson. The district court's take-nothing judgment did not reference Lloyds. De Jongh argued on appeal that State Farm was not a proper defendant and the parties

---

[1] *See De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 436 n.1 (5th Cir. 2014) (per curiam) ("State Farm and Lloyds are distinct legal entities. State Farm sells insurance under a so-called 'Lloyd's plan,' which consists of a group of underwriters who combine to issue insurance through an attorney in fact—in this case, Lloyds.").

were not diverse; this Court vacated and remanded for lack of subject matter jurisdiction. *De Jongh*, 555 F. App'x at 438–39.

On July 14, 2014—nearly six months after the Fifth Circuit vacated the judgment in her case—De Jongh filed an amended petition dropping the claims against Lloyds and Johnson and naming State Farm as the defendant. State Farm removed the case on the basis of diversity jurisdiction, then moved for summary judgment, contending that De Jongh's claims were barred under the limitations clause in De Jongh's policy. On August 17, 2015, the district court granted State Farm's summary judgment motion and entered a take-nothing judgment in favor of State Farm. De Jongh's insurance policy required contractual claims against State Farm to be filed within two years and one day from the date the cause of action accrued. Under Texas law, claims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code must be brought within two years after the cause of action accrues. Tex. Ins. Code Ann. § 541.162; Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220–21 (Tex. 2003). The district court found that De Jongh's cause of action accrued on July 12, 2012 when State Farm first denied the claim and closed the file. The district court then determined that De Jongh's suit was time barred because she failed to name State Farm as a defendant until July 14, 2014—two years and two days after the accrual date.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *Martin Res. Mgmt. Corp. v. AXIS Ins. Co.*, 803 F.3d 766, 768 (5th Cir. 2015). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn

in his favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "Interpretation of an insurance contract is a question of law also reviewed *de novo*," *Tesoro Ref. & Mktg. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 833 F.3d 470, 473 (5th Cir. 2016), as is determining "when a cause of action accrues," *Knott*, 128 S.W.3d at 221.

### III. DISCUSSION

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Knott*, 128 S.W.3d at 221. The cause of action generally accrues at this point "regardless of when the plaintiff learns of th[e] injury." *Id.* In Texas, a cause of action for breach of a first-party insurance contract accrues when the insurer denies the claim. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). "When, unlike this case, there is no outright denial of a claim, the exact date of accrual of a cause of action becomes more difficult to ascertain and should be a question of fact determined on a case-by-case basis." *Id.* at 828 n.2.

State Farm argues that closing De Jongh's claim for the first time on July 12, 2012, constituted an outright denial that triggered the limitations clock. We agree. Under Texas law, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later." *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, pet. denied) (en banc) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). While the "discovery rule" will delay an accrual date if the injury is fraudulently concealed or inherently undiscoverable, *id*, De Jongh disclaims reliance on the discovery rule. In *Kuzniar*, the insureds filed a claim with State Farm in August 1992 regarding a possible plumbing leak under their home. *Id.* at 760. The adjuster instructed the insureds to have a plumber inspect the

property and confirm the leak but the insureds neglected to follow the instructions or communicate further with State Farm. *Id.* In January 1993, State Farm closed the claim file; however, the insureds did not file suit until August 1996—over three and a half years after the claim file was closed. *Id.* This Court affirmed summary judgment for State Farm, reasoning that the legal injury arose in January 1993 because "[t]he closing of the claim file was an objectively verifiable event that unambiguously demonstrated State Farm's intent not to pay the claim, 'even if the fact of injury [was] not discovered until later.'" *Id.* (quoting *S.V.*, 933 S.W.2d at 4). Summary judgment was proper because the cause of action accrued when State Farm closed the claim file and the insureds failed to bring suit within two years of that date. *Id.* at 761.

Admittedly, the accrual date is often tied to a written notice of denial. *See Knott*, 128 S.W.3d at 222 ("We do not require an insurer to include 'magic words' in its denial of a claim if an insurer's determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured."). However, courts have used the claim closure date as the accrual date where there is no notice of denial. *See Williams v. Allstate Fire & Cas. Ins. Co.*, No. H-11-530, 2012 WL 1098424, at *5 (S.D. Tex. Mar. 30, 2012) (finding that cause of action accrued when insurer closed the plaintiff's claim file even though the agency failed to provide written notice of the denial); *Sheppard v. Travelers Lloyds of Tex. Ins. Co.*, No. 14-08-00248-CV, 2009 WL 3294997, at *7 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, pet. denied) (mem. op.) (finding that the cause of action accrued when the insurer closed the claim file).

As in *Kuzniar*, De Jongh's insurance policy contained a limitations provision. Under De Jongh's policy, all contractual claims against State Farm must be brought within two years and one day from the date of accrual, and extra-contractual claims must have been brought within two years by statute. Under Texas law, De Jongh's cause of action accrued on July 12, 2012, when

State Farm closed the claim file. *See Kuzniar*, 52 S.W.3d at 760. The accrual date remains unchanged, even though State Farm reopened the claim upon De Jongh's request. Requesting that an insurance company reinvestigate a closed file does not in and of itself reset the limitations clock.[2] *See Pace v. Travelers Lloyds of Texas Ins. Co.*, 162 S.W.3d 632, 635 (Tex. App.—Houston [14th Dist.] Feb. 24, 2005, no pet.) (holding that a second denial, issued after policyholder's request for reconsideration, did not begin anew the limitations period).

The facts in this case provide no reason to deviate from the weight of authority in Texas holding that closing a claim file constitutes an outright denial of coverage and triggers the limitations period. *See Feurtado v. State Farm Lloyds*, No. 13-14-00488-CV, 2016 WL 747777, at *2 (Tex. App.—Corpus Christi Feb. 25, 2016, no pet.) (mem. op.) (holding that an insured's cause of action "accrues as a matter of law when the insurer unambiguously makes a final determination concerning the insured's claim, such as when . . . the insurer closes its claim file"). While the accrual date may have been subject to a factual dispute had State Farm strung De Jongh along "without denying or paying [the] claim," *Kuzniar*, 52 S.W.3d at 761 (quoting *Murray*, 800 S.W.2d at 828 n.2), State Farm closed De Jongh's file within two months of inspecting the property.

Summary judgment is therefore proper because State Farm closed De Jongh's claim file on July 12, 2012, a fact which De Jongh does not dispute, at which point her claim accrued under Texas law. The fact that State Farm never sent a denial letter in June or July 2012, even if true, does not change the analysis. As the claim file shows, State Farm intended to issue a written denial

---

[2] While in some circumstances reconsideration may restart the statute of limitations, *see Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi 1998, no pet.), De Jongh did not argue that her claim falls into this limited category of cases, and therefore we decline to consider this argument.

in conjunction with closing the claim file. Even if the failure to send a denial letter was tortious, it does not reset the limitations clock to State Farm's subsequent denial.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.