

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00440-CV

_____

KENNETH KESSLER, Appellant

V.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-322887-21

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Kenneth Kessler appeals the trial court's summary judgment in favor of Appellee Allstate Fire and Casualty Insurance Company (Allstate) on its limitations affirmative defense. In one issue with two subissues, Kessler argues that the trial court erred because the summary-judgment evidence conclusively proved that he sued within the limitations period or, alternatively, that a fact issue remains as to the accrual date of his claim. We will affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After Kessler's roof sustained hail damage in July 2017, he submitted a claim to Allstate on April 30, 2018, seeking coverage under his homeowner's insurance policy. Allstate inspected the property; found that the damage was covered by the policy; and issued a letter to Kessler on June 1, 2018, indicating that Allstate would pay Kessler $21,246.01 for his claim. This letter contained Allstate's calculations of the full cost of repair for the replacement, the depreciation, the deductible, and the actual cash value of the loss incurred.

Kessler then submitted additional photographs and new information from city code inspectors which led Allstate to reinspect the property. In a September 13, 2018 letter, Allstate informed Kessler that it would pay him an additional $4,277.28. Two months later, Allstate again reconsidered the claim and, in a November 5, 2018 estimate, authorized an additional payment of $14,234.00 to Kessler. After this

estimate, Allstate sent notice to Kessler on December 3, 2018, that it "was closing" his file. Allstate closed Kessler's file the same day.

On December 20, 2018, Kessler's attorney sent a demand letter stating that, unless Allstate responded "with an acceptable offer of settlement," Kessler would sue. Kessler demanded that Allstate pay more than $500,000 in damages based on Allstate's "conduct and refusal to honor [its] obligations" under the insurance policy. This demand letter did not include any new information regarding Kessler's claim.

In response, Allstate sent a letter on January 15, 2019, "offering $2500.00 as full and final settlement of this disputed claim in exchange for a full and final release." It explained that "there [was] no new information that ha[d] been presented with regards to [Kessler's] loss on July 9, 2017[,] which would change [the] previous claim determination."[1] Kessler did not accept this offer and Allstate did not pay him the $2,500. The parties engaged in further settlement discussions but could not come to an agreement.

Kessler sued Allstate on January 14, 2021, claiming breach of contract, violations of the Texas Deceptive Trade Practices Act, noncompliance with the Texas Insurance Code, and breach of the duty of good faith and fair dealing.[2] In its

_____

[1]To respond to Kessler's January 15 demand letter, Allstate reopened the file and, after hearing nothing regarding its settlement offer, re-closed the file on March 25, 2019.

[2]Kessler also sued Allstate's adjuster, William Van Mason, who had been assigned to Kessler's file. Though not entirely clear from the record before us, it

3

amended answer, Allstate pleaded, among other things, the affirmative defense of statute of limitations. Allstate then filed a traditional motion for summary judgment, arguing that there was no fact issue regarding its limitations defense. Kessler responded, and a hearing was held. The trial court initially denied Allstate's motion, but after reconsideration, granted it and ordered that Kessler's claims were time-barred by the applicable statute of limitations. This appeal followed.

## II. RELEVANT LAW

### A. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*,

---

appears that Mason was dismissed from the case pursuant to Section 542A.006(c) of the Texas Insurance Code. *See* Tex. Ins. Code Ann. § 542A.006(c) (providing that, if an insurer and its agent are sued under the insurance code, the insurer may elect to accept the agent's liability and the trial court "shall dismiss the action against the agent with prejudice").

315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B. STATUTE OF LIMITATIONS

Generally, the limitations period for a breach of contract claim is four years. Tex. Civ. Prac. & Rem. Code Ann. § 16.051. However, insurance contracts may shorten these limitations as long as they do "not create a limitations period shorter than two years."[3] *Quinn v. State Farm Lloyds*, No. 02-22-00191-CV, 2023 WL 3749932, at *5 (Tex. App.—Fort Worth June 1, 2023, no pet. h.) (mem. op.). Breach of good faith and fair dealing claims and those brought under the Texas Deceptive Trade Practices Act and the Texas Insurance Code are subject to a two-year limitations period. Tex. Bus. & Com. Code Ann. § 17.565; Tex. Ins. Code Ann. § 541.162; *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990).

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). A plaintiff's cause of action accrues upon (1) an insurer's denial of coverage or

---

[3]Both parties agree that per their contract a two year and one day statute of limitations period is applicable to Kessler's breach of contract claim.

(2) some other clear indication that it would not provide the requested coverage. *Id.* (citing *Celtic Life Ins. v. Coats*, 885 S.W.2d 96, 100 (Tex. 1994)); *Jackson v. Gainsco, Inc./Gainsco Auto Ins.*, No. 05-16-01190-CV, 2018 WL 2979960, at *3 (Tex. App.—Dallas 2018, pet. denied) (mem. op.). In determining whether an insurer has denied coverage, "we do not require an insurer to include 'magic words' in its denial of a claim if an insurer's determinations regarding a claim and its reasons for the decision are contained in a clear writing to the insured." *Provident Life*, 128 S.W.3d at 222; *see Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 471 (Tex. App.—Dallas 2002, pet. denied) (construing letter lacking the word "denial" but still conveying insurer's determination and reasoning for determination as a denial).

Further, in cases where additional claims are made for which *new* denials are issued, each denial restarts the limitations period. *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.). In other words, we only consider the last denial when determining the accrual date. *Id.*; *see Pace v. Travelers Lloyds of Tex. Ins.*, 162 S.W.3d 632, 634–35 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (explaining that "an insurer faced with a request for reconsideration of a denial of coverage would be put to the choice between refusing it outright, thereby risking a bad faith claim, or considering the request and restarting the limitations period," which would raise "only a potential for increasing litigation needlessly" (footnote omitted)).

6

Courts have also held that, in the absence of a clear denial date, the date upon which the insurer closed the file may be relied upon as "an objectively verifiable event that unambiguously demonstrates [the insurer's] intent not to pay the claim," thus starting the limitations clock. *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, pet. denied); *see Jackson*, 2018 WL 2979960, at *3; *Sheppard v. Travelers Lloyds of Tex. Ins.*, No. 14-08-00248-CV, 2009 WL 3294997, at *4 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (mem. op.).

## III. DISCUSSION

### A. NO JANUARY 15, 2019 ACCRUAL

Kessler first argues that the summary-judgment evidence conclusively proved that the accrual date in this case was January 15, 2019, which would mean that his January 14, 2021 suit was timely filed. In his view, Allstate's January 15, 2019 letter was a reconsideration and approval of an additional payment on his claim that restarted the limitations clock. Allstate argues that its January 15 letter was simply a settlement offer in response to Kessler's presuit demand rather than a reconsideration with a new denial or authorization of payment on the claim. We agree with Allstate.

Allstate notified Kessler that it was closing his file on December 3, 2018. Kessler responded on December 20, 2018, with his presuit demand to Allstate, rather than with an additional claim with new information. Allstate's January 15 letter followed and explicitly told Kessler that it had not been presented with any information upon which to change its previous determination. It offered Kessler

7

$2,500 "as a full and final settlement of this disputed claim in exchange for a full and final release." Kessler did not accept this offer, and Allstate never paid the $2,500 amount.

Taken together, this evidence does not indicate that Allstate's January 15 letter served as a reconsideration, additional payment, or new denial of Kessler's claims. Rather, it appears to be Allstate's initial settlement offer in response to Kessler's presuit demand. Kessler points us to no cases standing for the proposition that an insurer's settlement offer in response to a presuit demand restarts the limitations clock. And such a holding would undermine settlement negotiations in every case where limitations is at issue, extend litigation into near perpetuity, and belie a fundamental tenet of limitations jurisprudence: that the limitations clock starts when a plaintiff first knows that he has a cause of action. *See Provident Life*, 128 S.W.3d at 221.

For these reasons, we hold that the evidence does not conclusively prove that the accrual date was January 15, 2019. We overrule Kessler's first subissue.

## B. LIMITATIONS DEFENSE CONCLUSIVELY PROVEN

In his second subissue, Kessler argues that the summary-judgment evidence raised a fact issue as to the accrual date. Citing *Provident Life*, he contends that Allstate never outright denied his claim, which means that the accrual date is "a question of fact to be determined on a case[-]by[-]case basis." 128 S.W.3d at 221–22. Allstate responds that the summary-judgment evidence conclusively proved that the latest date

8

upon which Kessler's claim could have accrued was December 3, 2018—the date that Allstate notified Kessler that it was closing his file. Again, we agree with Allstate.

*Provident Life* does not, as Kessler suggests, stand for the rigid proposition that the lack of an outright denial creates a per se question of fact as to the accrual date. There, the supreme court explained that "this Court has suggested that when 'there is no outright denial of a claim, the exact date of accrual . . . should be a question of fact to be determined on a case-by-case basis.'" *Id.* (quoting *Murray*, 800 S.W.2d at 828 n.2). The supreme court then announced a more robust approach for determining accrual dates:

> Although as a general rule, determining the accrual date of a cause of action is a question of law, we acknowledge that the accrual date of a cause of action based on a violation of the Texas Insurance Code, the bad-faith breach of an insurance contract, or a violation of the DTPA involving insurance coverage, may present questions of fact to be determined on a case-by-case basis. However, we are not faced with such a situation in this case. We do not require an insurer to include "magic words" in its denial of a claim if an insurer's determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured.

*Id.* at 222–23. Drawing on this language, courts have found no trouble determining accrual dates so long as the record establishes that the insurer clearly indicated to the insured that it would make no further payment on a claim—such as by closing the claim file. *See, e.g.*, *Jackson*, 2018 WL 2979960, at *3; *Sheppard*, 2009 WL 3294997, at *4; *Kuzniar*, 52 S.W.3d at 760.

Allstate's December 3, 2018 letter to Kessler stating that it was closing his file was an objectively verifiable event that unambiguously demonstrated Allstate's intent not to pay any further on the claim. *See Kuzniar*, 52 S.W.3d at 760. Kessler's December 20, 2018 demand letter supports this fact, as he clearly believed at least by then that he had a valid cause of action against Allstate for its alleged failure to honor the insurance policy.

Accordingly, we hold that Allstate conclusively proved that Kessler was required to file suit within two years and one day of December 3, 2018, which he failed to do. We overrule Kessler's second subissue.

## IV. CONCLUSION

Having overruled Kessler's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 31, 2023

10