Lawrence EHRIG and Norma Ehrig, Appellants,

v.

GERMANIA FARM MUTUAL INSURANCE ASSOCIATION, Appellee.

No. 13–01–200–CV.

Court of Appeals of Texas, Corpus Christi.

July 25, 2002.

Rehearing Overruled Sept. 19, 2002.

Robert W. Loree, Tommy Hernandez, San Antonio, for Appellants.

Paul A. Ehlert, Ehlert & Betts, Brenham, for Appellee.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

This is a suit on a homeowner's insurance policy containing a two-year contractual limitations provision.[1] Lawrence and

---

1. The insurance policy stated at Section X.-CONDITIONS, paragraph fifteen: "Suit Against Us. No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues."

Norma Ehrig sued Germania Farm Mutual Insurance Association ("Germania") after it denied their claim for foundation damage to their home. Germania moved for summary judgment on the grounds that the two-year contractual limitations provision, along with the applicable two-year statutory limitations provisions, barred all of the causes of action. The trial court granted summary judgment on all the causes of action. The issue on appeal is whether Germania established as a matter of law that limitations barred the Ehrigs' suit. We reverse and remand.

## I. ALLEGATIONS AND PROCEDURAL BACKGROUND

The Ehrigs bought a homeowners insurance policy from Germania to insure their home against damage caused by plumbing leaks. Their home allegedly sustained foundation damage due to sewer-line leaks, so they filed a claim with Germania, which hired Gerloff Plumbing Co. to conduct plumbing tests on the home. In its report Gerloff noted several substantial leaks in the plumbing drain system under the home. Germania then hired an engineering firm, Rimkus Consulting Group, to investigate and report on the cause of the foundation movement and related damage. In its engineering report Rimkus concluded that there was no foundation damage caused by the plumbing leaks. Germania denied the claim.

The Ehrigs filed suit against Germania on July 10, 1998, alleging claims for breach of contract, negligence, breach of the duty of good faith and fair dealing, and violations of the DTPA and Texas Insurance Code. Germania moved for summary judgment on all of the causes of action, alleging that limitations on each cause of action commenced on May 15, 1996, the date that Germania orally informed Mr. Ehrig of its decision to deny the claim. Because the Ehrigs did not file suit until July 10, 1998, Germania argued that the Ehrigs did not file suit within the statutory and contractually mandated two-year limitations periods.

The Ehrigs responded that Germania sent them a "No Claim" notice, indicating that it had denied their claim on May 15, *1997*. Afterwards they continued to discuss the case with Germania and requested a copy of the Rimkus engineer's report. Germania sent them the report and met with them to discuss it. On July 11, 1996, Germania sent them another "No Claim" notice, indicating that it had denied their claim on July 11, 1996. The Ehrigs contended that limitations commenced on July 11, 1996, and because they filed suit on July 10, 1998, the two-year limitations provisions did not bar their causes of action.

The trial court granted Germania's motion for summary judgment. The Ehrigs appeal from that judgment. The Ehrigs did not move for summary judgment on any of their causes of action.

## II. STANDARD OF REVIEW

The standards for reviewing a summary judgment motion are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue exists precluding summary judgment, we take as true evidence favorable to the nonmovant; and (3) indulge every reasonable inference in the nonmovant's favor and resolve any doubts in its favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

A trial court should grant a defendant's motion for summary judgment if it either disproves at least one essential element of each of the plaintiff's causes of action or establishes all the elements of an affirmative defense. *American Tobacco*

*Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). When a defendant moves for summary judgment on an affirmative defense, it must prove each essential element of the defense as a matter of law, leaving no issue of material fact. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

Germania moved for summary judgment on the affirmative defense of limitations. Thus, it had the burden to establish conclusively the applicability of the statute of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975); *see also Hill v. Milani,* 678 S.W.2d 203, 204 (Tex.App.-Austin 1984), *aff'd,* 686 S.W.2d 610 (Tex. 1985). As a part of this burden Germania had to establish as a matter of law the date upon which limitations commenced concerning the Ehrigs' causes of action. *See Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 412 (Tex.App.-Corpus Christi 1988, no writ).

### III. ANALYSIS

By issue one the Ehrigs assert that the trial court erred by granting summary judgment on the basis that limitations barred their causes of action. The question of when a cause of action accrues is a question of law for the trial court. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 514 (Tex.1998). Here, the facts authorizing the Ehrigs to seek a judicial remedy occurred when Germania denied their claim. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 829 (Tex.1990); *Peña v. State Farm Lloyds,* 980 S.W.2d 949, 953, 954 (Tex.App.-Corpus Christi 1998, no pet.) (bad-faith insurance claim accrues on date insurer denies cover-

age). The same rule applies to insurance code and DTPA claims. *Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 100 (Tex. 1994); *Peña,* 980 S.W.2d at 953. Thus, for purpose of the running of limitations the issue is when did the Ehrigs' causes of action accrue?

Germania argues that all of the Ehrigs' causes of action accrued, and limitations commenced, on May 15, 1996, the date Germania, through its adjuster, Leon Willingham, orally informed Mr. Ehrig that the claim was denied. On the other hand, the Ehrigs contend that limitations commenced on July 11, 1996, the date Germania denied their claim in writing in the second "No Claim" notice.

Willingham testified in his deposition that on May 15, 1996, he personally told Mr. Ehrig that the claim was denied. However, at that time he did not give Mr. Ehrig any written notice confirming this denial. The Ehrigs do not dispute that Willingham made that statement on that date; rather, their contention is that they did not consider the oral statement made on that date to constitute an "outright denial" of coverage because of conduct taken by Germania immediately after the oral denial. According to the Ehrigs the oral denial of coverage was not a final resolution of the question of whether Germania was denying their claim. Immediately after the oral denial Mr. Ehrig asked Willingham to give him a copy of the engineering report conducted by Rimkus Consulting Group, the engineering firm hired by Germania. Germania provided a copy and also sent a form entitled "No Claim" to the Ehrigs that stated their claim was denied because the proximate cause of the loss was not a "named peril" of the policy coverage conditions. This form was completed by Willingham. It was dated May 17, 1996, and listed the date of denial of coverage as May 15, *1997* rather than May

15, 1996. Germania contends the mistaken year date was a typographical error. The report contains the following comments:

On the date of 5/15/96 I met Mr. Lawrence Ehrig at his store and went over the Rimkus Consulting Group, Inc. report of findings, foundation evaluation and supplemental letter of findings. I explained to Mr. Ehrig the findings in the reports; the damage was caused from settlement over a period of time and not from the AWD [accidental water discharge] loss. Mr. Ehrig stated that he would like a copy of the reports. Attached is a letter from Mr. Ehrig stating that he would like a copy of the reports. There will not be any coverage to the outside or inside to the dwelling. Attached to this report is the copys [sic] of both reports that I stated above to Mr. Ehrig.

Less than two months after sending the May "No Claim" notice Germania sent two representatives to again speak with the Ehrigs. Willingham and another Germania representative, David May, met with Mrs. Ehrig at the Ehrigs' home to discuss the engineering report and denial of the claim. The following day David May sent a second "No Claim" notice to the Ehrigs noting the date of the report to be July 11, 1996, and, this time, listing the date of denial of coverage as *July 11*, 1996. This report also contained the following comments:

On 7–10–96 Leon Willingham and I [David May] met with Mrs. Ehrig to Discuss [sic] an engineering report. The report was prepared by Mr. Roger Garza, P.E., at our request and as a result of an accidental water discharge reported to Germania. . . . Leon and I explained to Mrs. Ehrig that Mr. Garza's findings indicated that no structural damage had been done to the

dwelling as result of the water discharge. We explained further that Mr. Garza determined that the damage to the dwelling was caused by settlement. We went on to explain policy provisions that exclude earth movement, settlement and cracking of foundations.—Though Mrs. Ehrig understands our viewpoint, she is in dissagreement [sic] with Mr. Garza and indicated that she may request appraisal.

■ We start from the premise that the law is well settled that an outright denial of an insurance claim triggers commencement of the statute of limitations period for causes of action stemming from the denial of coverage. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828, 829 (Tex.1990). The question in this case is whether the first oral denial of the claim constituted an unambiguous, "outright denial" of the Ehrigs' claim which triggered commencement of the statute of limitations period.

The Ehrigs, in part, rely on the application of Article 21.55, Section 3(a) of the Texas Insurance Code, which states that "an insurer *shall notify* a claimant *in writing* of the acceptance or rejection of the claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer. . . ." TEX. INS.CODE ANN. art. 21.55, § 3(a) (Vernon Supp. Pamph.2002) (emphasis added); *Oram v. State Farm Lloyds*, 977 S.W.2d 163, 167 (Tex.App.-Austin 1998, no pet.).

As authority for its argument Germania relies on *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759 (Tex.App.-San Antonio 2001, pet. denied), which states that the closing of an insurance claims file was sufficient to trigger commencement of the limitations period and that the statute requiring insurers to provide written notice does not affect commencement of the two-year con-

tractual limitations provision in a homeowners insurance policy. In *Kuzniar* the court stated:

> The legal injury in this case occurred when State Farm unreasonably failed to pay the Kuzniars' claim, which at the very latest was when the claim file was closed on January 13, 1993. The Kuzniars argue, however, the legal injury should derive from State Farm's failure to comply with its statutory duty to timely accept or reject the policy claim. But the failure to comply with a statutory duty has nothing to do with, and fails to vitiate, the Kuzniars' own responsibility to exercise diligence in pursuing their claim. The closing of the claim file was an objectively verifiable event that unambiguously demonstrated State Farm's intent not to pay the claim, "even if the fact of injury [was] not discovered until later."

*Kuzniar*, 52 S.W.3d at 760 (footnote and citation omitted).

However we do not find *Kuzniar* helpful in determining the ultimate issue in our case. *Kuzniar* involved a situation where the insureds were *never* notified that their claim was denied. *Id.* The Kuzniars reported a plumbing leak to State Farm in 1992. State Farm sent out an adjuster, who told the Kuzniars to hire a plumber to investigate the leaks. The Kuzniars, apparently, took no action for approximately one year and did not contact State Farm regarding the claim again. State Farm closed the file in 1993. The Kuzniars filed suit for denial of the claim in 1996. State Farm won a summary judgment based upon the two-year contractual limitations provision, and the Kuzniars appealed.

▪ The appellate court affirmed the trial court's summary judgment by holding that accrual of the Kuzniars' cause of action was determined by the "legal injury rule." *Id.* at 760. Under the legal injury rule, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later." *Id.* (*quoting S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996)). The Kuzniars argued that State Farm's failure to promptly notify them of the rejection of the claim tolled the accrual date of the cause of action. However the appellate court pointed out that "[t]he legal injury in this case occurred when State Farm unreasonably failed to pay the Kuzniars' claim, which at the very latest was when the claim file was closed on January 13, 1993." *Id.* We do not see how the reasoning and analysis in *Kuzniar* sheds light on the question of whether the first or the second of two potential dates of denial of an insurance claim triggers accrual of a cause of action stemming from the denial.

▪ The Texas Supreme Court has stated that "when there is no outright denial of a claim, the exact date of accrual of a cause of action ... should be a question of fact to be determined on a case-by-case basis." *Murray*, 800 S.W.2d at 833 n. 2. While the statement in *Murray* is *dicta*, and refers to a scenario where an insurance company is, effectively "stringing along" an insured with no denial or payment of a claim, we believe that reasoning applies here. Accordingly we hold that the question of whether the oral denial of the Ehrig's claim alleged to have occurred on May 15, 1996 constituted an "outright denial" sufficient to trigger the commencement of limitations is a question of fact for the jury's determination. The essence of the legal injury rule is that a party is responsible for pursuing legal remedies when the party becomes aware of facts giving rise to a legal injury. When the facts are arguably not clear enough to put the aggrieved party on notice of a legal injury, the question of whether the facts are sufficient to put the party on notice or

not should be determined by the factfinder.

Accordingly, we reverse the trial court's grant of summary judgment on the limitations issue, and remand the case for trial. We sustain the first issue.

Due to our disposition of the above issue we need not address the Ehrigs' remaining issues. TEX.R.APP. P. 47.1.

We REVERSE the judgment and REMAND the case for trial.