# NO. 12-20-00183-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IRAJ ABEDINIA,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY CIVIL COURT AT LAW #4* |
| *LIGHTHOUSE PROPERTY*<br>*INSURANCE COMPANY,*<br>*APPELLEE* | *§* | *HARRIS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Iraj Abedinia appeals the trial court's order granting summary judgment in favor of Lighthouse Property Insurance Company.[1] In two issues, Abedinia contends the trial court erred by granting summary judgment in Lighthouse's favor on limitations, and in denying his motion for new trial. We affirm.

### BACKGROUND

Abedinia is the insured on a homeowner's insurance policy held with Lighthouse. Hurricane Harvey damaged Abedinia's dwelling. The date of loss was August 28, 2017. Abedinia filed a claim with Lighthouse for wind damage in accordance with the policy. On October 13, 2017, Lighthouse sent Abedinia a letter confirming a conversation that same day concerning the claim. In the letter, among other things, Lighthouse accepted the loss, detailing the amount of compensation owed under the policy. Lighthouse also enclosed a check as payment for the loss. Abedinia believed that Lighthouse under-scoped, undervalued, and underpaid his loss.

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on July 30, 2020, this appeal has been transferred to this Court from the First Court of Appeals in Houston, Texas.

1

However, no other activity occurred on the claim until January 28, 2019, when Lighthouse received a letter of representation that Abedinia hired counsel and that counsel attempted to file a written notice of claim under the policy. Lighthouse responded on March 14, 2019, stating that Abedinia already filed a notice of claim on August 31, 2017. Lighthouse explained that it had no obligation to commence any further investigation, and that it acted properly when it accepted the claim and paid the loss. Lighthouse's counsel also stated in the letter that since Abedinia contested the amount of loss paid by Lighthouse, Lighthouse invoked the policy's appraisal provision, but that it reserved all rights under the policy.[2]

Abedinia's counsel responded with a demand letter also dated March 14, 2019, explaining that an independent expert performed an assessment of the damage caused by the storm showing a substantially elevated amount of damage caused by the storm from the amount accepted and paid by Lighthouse.[3] Abedinia's counsel also attempted to invoke the appraisal process as part of this demand. Abedinia's counsel acknowledged in this 2019 demand letter that Abedinia made an earlier demand to cover the damaged property in a sufficient amount and that all conditions precedent to recovery upon the policy had been fulfilled, yet claimed that Lighthouse breached the policy when it failed to adequately compensate Abedinia under the terms of the policy in October 2017. After the parties initiated the appraisal process, Abedinia's counsel sent a second demand letter to Lighthouse on October 1, 2019, the main difference from his first letter being that he named a different appraiser.

On December 3, 2019, Abedinia's counsel filed a declaration for umpire appointment after the parties' appraisers were at an impasse on the claim and unable to agree to an umpire. An umpire was appointed on December 9, 2019. On December 30, 2019, after the umpire corresponded with the parties and attempted to resolve the dispute, Lighthouse informed the umpire that it would no longer participate in the appraisal, because limitations passed on October 14, 2019, which was two years and one day from the date it accepted and paid Abedinia's claim in accordance with the contractual limitations provision in the policy, as agreed to by the parties.

---

[2] The purpose of the appraisal process is to privately resolve disputes as to the amount of loss and provide a less expensive alternative to litigation. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding). The appraisal process binds the parties to the extent or amount of the loss, but "leav[es] the question of liability for such loss to be determined, if necessary, by the courts." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009).

[3] Although the letter is dated March 14, 2019, the fax transmittal page and notations on each page of the letter shows that the demand letter and supporting documentation were not transmitted until May 13, 2019.

Plaintiff filed suit for the first time that same day on December 30, 2019. Lighthouse filed its traditional motion for summary judgment, alleging that contractual limitations had run and barred Abedinia's claims. The trial court granted Lighthouse's motion on April 24, 2020. Abedinia filed a motion for new trial, which the trial court denied on June 25, 2020. This appeal followed.

## SUMMARY JUDGMENT - LIMITATIONS

In his first and second issues, Abedinia contends that the trial court erred by granting Lighthouse's motion for summary judgment since genuine issues of material fact remain, that the trial court abused its discretion in denying his motion for new trial because summary judgment was improper, and that we should accordingly grant a new trial.

### Standard of Review

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017). We review a grant of summary judgment de novo. *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We review summary judgment evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *U–Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court has no discretion in determining what the law is or applying the law to the facts. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's

legal determinations de novo.  *See **In re Labatt Food Serv., L.P.***, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

**Applicable Law**

Generally, the statute of limitations for a breach of contract claim is four years from the date the cause of action accrues.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015).  However, the parties may contractually agree to shorten the limitations period for a breach of contract claim so long as the agreement does not limit the time in which to bring suit to a period shorter than two years.  *Id.* § 16.070(a) (West 2015).  A contractual limitations provision shorter than two years is void in Texas.  *See id.*

For purposes of application of the statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy.  ***Murray v. San Jacinto Agency, Inc.***, 800 S.W.2d 826, 828 (Tex. 1990).  Put another way, "a cause of action can generally be said to accrue when the wrongful act effects an injury." *Id.*  Further, a breach of an insurance contract action accrues when the claimant has notice of facts sufficient to place the claimant on notice of the breach.  *See **Jett v. Truck Ins. Exch.***, 952 S.W.2d 108, 111 (Tex. App.—Texarkana 1997, no writ).  A notice in that claim determination need not include any magic words if the insurer's determination regarding a claim and its reasons for its decision are contained in a clear writing to the insured.  ***Provident Life & Acc. Ins. Co. v. Knott***, 128 S.W.3d 211, 222 (Tex. 2003).  In Texas, where an insurance provider denies coverage, the limitations period starts to run at the time of denial.  *See id.*  The fact that damage may continue to occur for an extended period after denial does not prevent limitations from starting to run.  *See **Knott***, 128 S.W.3d at 221.

**Discussion**

Although the general statute of limitations for a breach of contract is four years, the insurance agreement here has a contractual limitations provision shortening the statute of limitations.  The insurance contract provides as follows:

> G. Suit Against Us
>
> 1. Except as provided in Paragraph 2., no suit or action can be brought against us unless there has been full compliance with all of the terms under Section I of this Policy.  Action must be brought against us within two years and one day from the date the cause of action first accrues.  A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

2. With respect to suits brought in connection with claims for loss caused by windstorm or hail in the catastrophe area, as defined by the Texas Insurance Code:

No action can be brought against us unless there has been compliance with all the terms of this Policy. The action must [be] brought before the earlier of the following:

    a. Two years and one day from the date we accept or reject the claim; or

    b. Three years and one day from the date of the loss that is the subject of the claim.

It is undisputed that Abedinia's loss was caused by windstorm or hail in the catastrophe area, and thus the limitations provision in Section G.2 controls. Lighthouse contends that the accrual date was the day it accepted the claim on October 13, 2017, and thus, the limitations provision in Section G.2.a applies, because it is the earlier of the two dates in Section G.2. Therefore, its argument continues, limitations ran on October 14, 2019, but Abedinia did not file suit until December 30, 2019. We agree. Lighthouse accepted the loss in writing and made payment on October 13, 2017. At that moment, Abedinia believed that Lighthouse under-scoped, undervalued, and underpaid his claim. In other words, although Lighthouse accepted and paid the claim, Lighthouse allegedly breached the contract when it denied the full value of the claim under the terms of the policy and paid less than owed therein. Accordingly, on October 13, 2017, Abedinia knew that facts came into existence authorizing him to seek a judicial remedy, because he suffered an injury when Lighthouse allegedly failed to pay the full value of the claim under the policy. *See Murray*, 800 S.W.2d at 828.

Abedinia first counters, without citation to authority, that Section 16.070 does not apply to insurance contracts. We disagree, and many Texas cases have recognized that the parties to an insurance contract may employ Section 16.070 to shorten limitations, so long as the provision otherwise complies with Section 16.070. *See, e.g., Spicewood Summit Office Condo. Ass'n v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464 (Tex. App.—Austin 2009, pet. denied); *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ).

Abedinia relies on *Spicewood* for the proposition that Section 16.070 invalidates the contractual limitations provision here because it has the practical effect of imposing an illegal limitations period. *Spicewood*, 287 S.W.3 at 465-66. However, the contractual limitations provision in *Spicewood* is distinguishable from the relevant provision in the present case. There, the contract required that a lawsuit be brought "within 2 years and one day after the date on

which the direct physical loss or damage occurred," but also required the insured to submit certain documents and wait for a claim acceptance or denial before suing. *Id.* By tying limitations to the date of loss, the limitations provision in *Spicewood* ran afoul of Section 16.070 because the insurance carrier had not yet breached the contract by denying coverage or undercompensating the insured's loss. *Id.*; *see also Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 307 n.10 (5th Cir. 2016) (describing and distinguishing *Spicewood*). Thus, by tying limitations to the date of loss, coupled with the requirement that documents be submitted before filing suit, it was clear from the contract that the clock would always start ticking before the insured's claim for breach of contract accrued, with "the practical effect of providing a period in which to file suit that is less than two years." *Spicewood*, 287 S.W.3d at 466.

The relevant provision here did not start limitations on the date of loss, but on the date of acceptance (at an amount less than allegedly owed under the policy, because a fully satisfied insured would have no desire to file suit) or rejection of the claim. This provision thus essentially sets accrual on the date of breach, which is the date Texas law would generally set accrual in any event. *See Murray*, 800 S.W.2d at 828. Therefore, a claim such as Abedinia's would not accrue until Lighthouse allegedly breached the contract by accepting and underpaying the claim, which would afford him two years and one day to file suit from the accrual under Texas law. Consequently, the contractual limitations provision does not violate Section 16.070. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.070(a). We hold that *Spicewood* is unavailing.

Abedinia next contends that the parties' invocation of the appraisal process tolls or restarts the limitations period. We are unaware of any authority, and Abedinia cites none, that the parties' decision to participate in the nonjudicial, contractual appraisal process tolled limitations or restarted limitations under these facts. Rather, Lighthouse cites authority stating that "use of the appraisal process to resolve a dispute has no bearing on any deadlines or enforcing any missed deadlines." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 817–18 (Tex. 2019). Abedinia points out that this statement in *Barbara Technologies* was made in context of deadlines within the Texas Prompt Payment of Claims Act. *See id.*

In any event, the Texas Supreme Court suggested that when "there is no outright denial of a claim, the exact date of accrual of a cause of action . . . should be a question of fact to be determined on a case-by-case basis[,]" and that "if an insurance company strings an insured along without denying *or paying a claim*, limitations will be tolled." *Murray*, 800 S.W.2d at 828

n.2 (emphasis added); *see also **Knott***, 128 S.W.3d at 221–22. Various Texas courts have concluded that this language in ***Murray*** is dicta. *See, e.g., **Sheppard v. Travelers Lloyds of Texas Ins. Co.***, No. 14-08-00248-CV, 2009 WL 3294997, at *4 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, pet. denied) (mem. op.); ***Ehrig v. Germania Farm Mut. Ins. Assoc.***, 84 S.W.3d 320, 325 (Tex. App.—Corpus Christi 2002, pet. denied); ***Kuzniar v. State Farm Lloyds***, 52 S.W.3d 759, 761 (Tex. App.—San Antonio 2001, pet. denied). Furthermore, there is no evidence that Lighthouse strung Abedinia along without denying or paying his claim. Rather, Lighthouse promptly accepted and paid the claim shortly after the loss on October 13, 2017. No other activity occurred on the claim until January 28, 2019, when Abedinia's counsel sent a notice of representation and purported formal notice of claim.

Texas state and federal courts have held in similar cases—when a claim for a single event that caused damage is denied, partially paid, or closed, but later reinvestigated by the insurance carrier, yet ultimately denied—that no tolling or resetting of the statute of limitations occurs. *See, e.g., **Smith v. Travelers Cas. Ins. Co. of Am.***, CV H-16-1527, 2018 WL 3369683, at *5 (S.D. Tex. July 10, 2018), *aff'd*, 932 F.3d 302 (5th Cir. 2019) (granting summary judgment on limitations because "[a]ny requests by [the claimant] to reinvestigate its claim and any subsequent review by [the insurance company] have no effect on the statute of limitations because [the company] did not alter its original decision to deny coverage"); ***Pace v. Travelers Lloyds of Tex. Ins. Co.***, 162 S.W.3d 632, 634-35 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that limitations began to run on denial of coverage, and company's reconsideration of claim upon its invitation for insured to provide additional information on coverage did not restart limitations period); ***Kuzniar v. State Farm Lloyds***, 52 S.W.3d 759, 760-61 (Tex. App.—San Antonio 2001, pet. denied) (upholding summary judgment on limitations where insureds filed claim, insurance company attempted to investigate the claim, but insureds did not further pursue claim until years later after company closed the claim, an event which showed company's intent not to pay the claim).[4]

---

[4] However, one court has held that limitations is tolled when the insurance carrier initially denied the claim, but reconsidered and determined that new ongoing damage occurred, thereby withdrawing its denial and partially paying claim. ***Pena v. State Farm Lloyds***, 980 S.W.2d 949 (Tex. App.—Corpus Christi 1998, no pet.). ***Pena*** is often distinguished in cases similar to this case and does not apply here. *See **Pace v. Travelers Lloyds of Tex. Ins. Co.***, 162 S.W.3d 632, 635 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (distinguishing ***Pena***); *see also **Smith v. Travelers Cas. Ins. Co. of Am.***, 932 F.3d 302, 315–16 (5th Cir. 2019) (distinguishing and collecting other cases also distinguishing ***Pena***).

7

We agree that the rationale in these cases also applies under these facts. For instance, in *Pace*, an insurer denied coverage, but invited the insured to supply additional information on the coverage issue. *Pace*, 162 S.W.3d at 634-35. The court held that the contractual claim for coverage accrued on the date of the denial letter, stating:

> Under [the insured's] interpretation of the letters, an insurer faced with a request for reconsideration of a denial of coverage would be put to the choice between refusing it outright, thereby risking a bad faith claim, or considering the request and restarting the limitations period. We can find no authority or rationale to support such an approach (but only a potential for increasing litigation needlessly).

*Id.*

Here, Lighthouse already accepted and paid the claim, but Abedinia did not raise any concerns about the claim until nearly a year-and-a-half later regarding the amount of loss. Lighthouse therefore invoked the appraisal provision to avoid similar consequences in *Pace*. Moreover, even though the parties invoked the appraisal process, Lighthouse expressly reserved all of its rights.

In summary, this is a single claim for a single event of damage, and Lighthouse made a clear determination in writing to accept the claim and attached a check to satisfy the claim on October 13, 2017. As in other Texas cases, Lighthouse did not depart from this determination, and Abedinia had clear notice of facts giving rise to a claim for relief. That is, at that time, he believed Lighthouse breached the contract by underpaying his claim. Abedinia's counsel acknowledged these facts in his 2019 demand letter. As provided for in the insurance policy, Abedinia's suit accrued two years and one day from the date the claim was accepted on October 13, 2017, but he did not file suit until December 30, 2019, after limitations expired. We hold that the trial court properly granted summary judgment. As the Fifth Circuit recently explained in a similar case:

> We are not unmindful of the predicament facing insurance claimants whose unsuccessful attempts to resolve disputes without litigation run them past the limitations period. To the extent the limitations period is too short to accommodate such circumstances, that concern lies with the legislature.

*Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 315–16 (5th Cir. 2019).

Finally, because we hold that summary judgment was proper, the trial court did not abuse its discretion in denying Abedinia's motion for new trial. *See* TEX. R. APP. P. 47.1.

Abedinia's first and second issues are overruled.

8

## DISPOSITION

Having overruled Abedinia's two issues, the trial court's order granting summary judgment and dismissing Abedinia's claims is ***affirmed***.

**BRIAN HOYLE**
Justice

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 20, 2021**

**NO. 12-20-00183-CV**

**IRAJ ABEDINIA,**
Appellant
V.
**LIGHTHOUSE PROPERTY INSURANCE COMPANY,**
Appellee

Appeal from the County Civil Court at Law No. 4

of Harris County, Texas (Tr.Ct.No. 1148144)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **IRAJ ABEDINIA**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

10