**AFFIRMED and Opinion Filed July 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00296-CV**

**KNOX MEDITERRANEAN FOODS, INC., Appellant**
**V.**
**AMTRUST FINANCIAL SERVICES, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-07086**

# MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Appellant Knox Mediterranean Foods, Inc. (Knox) appeals the trial court's grant of Appellee Amtrust Financial Services (Amtrust)'s motion for traditional summary judgment on Amtrust's affirmative defense of limitations. In one issue, Knox contends that summary judgment was improper because there was a genuine issue of material fact as to when its claim accrued. We affirm. Because all issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

# BACKGROUND

Knox owns and operates a restaurant in Dallas, Texas. In 2015, Knox purchased an insurance policy from Amtrust that covered various losses, including theft, from December 22, 2015 through December 22, 2016. The policy provides that any claim for breach of the policy must be brought "within two years and one day from the date the cause of action accrues." The policy defines accrual of a cause of action as "the date of the initial breach of [Amtrust's] contractual duties as alleged in the action."

On June 16, 2016, Knox was burgled. Knox submitted a claim to Amtrust under the policy and provided a list of damaged and stolen property. On March 15, 2017, Amtrust issued a check to Knox in the amount of $8,547.65, along with a letter from an Amtrust claim adjuster stating that the check covered stolen camera equipment. The letter went on to state that Amtrust had not received documentation it had requested regarding other stolen or damaged property. The letter listed eleven items of information that Amtrust claimed it needed in order to process the remainder of Knox's claim.

On June 13, 2017, Amtrust sent a follow-up letter. This letter states, in relevant part:

> As you recall, I have issued payment to you for the actual cash value of the stolen cameras on 3/15/2017. This is the only item involved in your loss that you have properly documented.

We have requested supporting documentation for the other items you claimed multiple times. At this time it has become apparent you do not intend to provide any additional documentation.

Pursuant to my letter of 3/15/2017 we are closing this claim for possible contents damage with no additional payment.

If this information is incorrect, or if you have additional relevant information you wish for us to review, please contact me at the number listed below.

Amtrust's internal documentation reflects that it closed the claim as of the June 13 letter.

On May 20, 2020, Knox filed suit against Amtrust asserting claims for breach of contract, breach of warranty, fraud and misrepresentation, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, bad-faith claim denial and bad-faith insurance practices, and breaches of the duties of good faith and fair dealing. Amtrust generally denied Knox's claims and, in an amended answer, asserted several affirmative defenses including, as relevant here, that Knox's claims were barred by the statute of limitations set forth in the policy. On December 8, 2020, Amtrust moved for traditional summary judgment on its limitations defense. Amtrust argued that Knox's cause of action accrued on June 13, 2017 when Amtrust notified Knox that it was "closing this claim for possible contents damage with no additional payment." Knox responded to the motion, contending that its causes of action had not yet accrued. Knox argued that the June 13, 2017 letter, by its own

language, did not constitute an outright denial of Knox's claim and Amtrust continued communicating with Knox about the claim after June 13, 2017.

Attached to Knox's response was the affidavit of Chadi Merched, Knox's corporate representative. In paragraph 4 of the affidavit, Merched testified that he never received the June 13 letter and that Amtrust's claim adjuster told him that his claim would remain open "pending supporting documentation." Merched also testified that he continued discussing the claim with Amtrust's adjuster long after June 13, 2017. Amtrust objected to this paragraph on grounds of hearsay and lack of foundation. Amtrust also contended that the parties' communications after June 13, as recounted by Merched, related to a subsequent theft claim by Knox. In support, Amtrust attached its internal claim notes, which show that on September 13, 2017, Knox reported a second burglary and initiated a new claim. Amtrust also attached an affidavit from an adjuster explaining that the parties' pre-June 2017 communications related to the 2016 burglary, while their post-September 2017 communications related to the 2017 burglary.

On March 31, 2021, the trial court entered a written order granting summary judgment and ordering that Knox take nothing on its claims. The order also sustained Knox's objections to paragraph 4 of Merched's affidavit. This appeal followed.

## DISCUSSION

In its sole issue on appeal, Knox contends that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to whether Amtrust definitively closed the claim and triggered the running of the statute of limitations under the contract. Amtrust responds that Knox waived this issue for inadequate briefing and, in any event, summary judgment was properly granted.

## I.    WAIVER

We first address Amtrust's waiver argument. Under Rule 38.1 of the Texas Rules of Appellate Procedure, briefs must contain a statement of the case, statement of facts, and an argument, all of which must be supported by record references. *See* TEX. R. APP. P. 38.1 (d), (g), (i). Additionally, all documents filed with the Court must be accompanied by an acknowledgement of service by the person served or a certificate of service signed by the filing party or its attorney. *See* TEX. R. APP. P. 9.5(d), (e). On July 9, 2021, Knox filed its opening brief, which was deficient as it failed to include a certificate of service and lacked record references in its statement of the case, statement of facts, and argument. We directed Knox to file an amended brief correcting these omissions within ten days of our order or risk waiver. Knox failed to comply. We thus ordered the case to be submitted on the deficient brief.

Ordinarily, a party's failure to correct its briefing deficiency would result in waiver of its issues on appeal. This Court is not required to comb through the record

to find evidence supporting a party's contentions. *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019). When we do so, we run the risk of abandoning our role as neutral arbiters and becoming a party's advocate. *See Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.). But we also must "reach the merits of an appeal whenever reasonably possible" and strive to avoid resolving cases based on defects of form rather than substance. *See Horton*, 591 S.W.3d at 570; *see also id.* ("Courts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents courts from undertaking reasonable efforts to locate evidence described in a party's brief—a task made less burdensome when the record is filed electronically.").

While Knox's brief wholly fails to cite to the record, the record comprises 425 pages, roughly 300 of which is the insurance policy. The sole issue in this appeal requires us to consider whether Amtrust's June 13 letter constituted a denial of Knox's claim. That letter is a little over a page long and easily located in the record. We can therefore resolve this appeal on the merits without scouring the record or rewriting Knox's deficient brief. Accordingly, despite Knox's failure to favor us with a brief that complies with the appellate rules or a corrected brief when directed

by this Court, we decline to hold that Knox waived its sole discrete issue, based upon limited readily identifiable evidence, due to briefing deficiencies.[1]

We now turn to the merits of Knox's appeal.

## II.   LIMITATIONS

### A.   Standard of Review

We review summary judgments de novo. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). A defendant is entitled to summary judgment if it conclusively negates at least one essential element of the plaintiff's cause of action or conclusively establishes every element of its own affirmative defense. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Summary judgment is appropriate when the movant carries its burden to show that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). In conducting our review, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *Id.*

---

[1] That is not to say we will indulge every argument Knox makes or grant it relief on unpreserved issues. For example, the facts section of Knox's brief refers to the June 13, 2017 letter as the "supposed letter" and states it was "allegedly mailed" to Knox. In one sentence of the argument section, Knox asserts that there was a genuine issue of material fact as to whether he received the June 13 letter. Knox does not expound on this assertion anywhere else in its brief. We thus conclude the issue is waived. *Berardinelli v. Pickels*, No. 05-12-01390-CV, 2014 WL 6560029, at *2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) ("[A]ppellate briefs [must] 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.' This requirement is not satisfied by merely making brief conclusory statements unsupported by legal citations.") (quoting TEX. R. APP. P. 38.1(i)).

**B.    Applicable Law**

"Limitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). The time in which a plaintiff must file suit is defined, as the name suggests, by statute. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.002–.013 (setting limitations periods for various claims including breach of contract and fraud). However, parties may contract for a shorter limitations period, provided that the contractual limitations period is not shorter than two years. *See id.* § 16.070.

To establish a limitations defense, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule if it applies. *KPMG Peat Marwick*, 988 S.W.2d at 748. A cause of action accrues and the limitations period begins to run "when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). In first-party insurance actions, the insured's cause of action accrues when the insurer denies a claim. *See id.* Generally, when a cause of action accrues is a question of law. *Id.* However, when there is "no outright denial of a

claim, the exact date of accrual of a cause of action should be a question of fact to be determined on a case-by-case basis." *Id.*

### C. Analysis

There is no dispute that insurance policy at issue sets a limitations period of two years and one day from the date of accrual. In its brief, Knox concedes that this provision complies with Texas law. As Knox does not argue that some of its claims are not governed by the policy's limitations period, the issue is limited to whether Knox filed suit later than two years and one day after its causes of action accrued.

Knox contends that its causes of action had not yet accrued even by the time it filed suit. Although Knox acknowledges the letter's statement that Amtrust was "closing this claim," Knox argues that the letter was not an outright denial because the parties continued discussing its claim after that date. Knox further contends that the letter was not an outright denial because it was ambiguous, relying on the last paragraph in the letter:

> If this information is incorrect, or if you have additional relevant information you wish for us to review, please contact me at the number listed below.

Amtrust responds that neither this language nor the parties' continued discussions after June 13, 2017 (which Amtrust denies occurred) affect whether the letter was a denial. We agree with Amtrust.

Although an insurer's denial must be in writing to trigger the statute of limitations, there are no magic words that must be used to deny a claim. *Knott*, 128 S.W.3d at 222. "If an insurer's determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured," the denial will not be held to be ambiguous. *See id.* Here, the June 13 letter states that Amtrust is "closing this claim . . . with no additional payment." Amtrust provided the reasoning for its decision: Knox's failure to provide supporting documentation that Amtrust had requested. We conclude that the letter is unambiguous and constitutes an outright denial of Knox's claim.

We reject Knox's argument that the parties' later communications affected the finality of Amtrust's denial. In *Murray*, the supreme court considered whether an insured's cause of action accrued when the insurer initially denied the insured's claim or, as the insured argued, months later when the insurer admitted that its earlier denial was a mistake. *See Murray*, 800 S.W.2d at 828. The Court held that the date of initial denial, even if it was unwarranted, started the limitations period. *See id.* The Court reasoned that if the limitations period were triggered by insurer's admission of its mistake, the insured's cause of action might never accrue. *See id.*; *see also Chapa v. Allstate Tex. Lloyds*, No. 7:15-CV-30, 2015 WL 3833074, at *4 (S.D. Tex. June 22, 2015) ("[T]he unambiguous event indicating a conclusion of the claim on the part of the insurance company—the time when the harm to the plaintiff

begins—is the date the statute of limitations begins to run. Any statements or activity on the part of the insurance company after the fact involving the claim do not forestall or renew the limitations period."). Here, similarly, even if the parties continued communicating about Knox's claim after Amtrust denied it, such communications could not affect the limitations period. To hold otherwise would be to denude the statute of limitations of its meaning, giving full control of when a claim accrues over to the plaintiff's discretion. *See Murray*, 800 S.W.2d at 828.

We are also unpersuaded by Knox's argument that the last paragraph of the June 13 letter rendered it ambiguous. When an insurer denies a claim, its mere willingness to reconsider that denial does not restart the limitations period. *See, e.g.*, *Castillo v. State Farm Lloyds*, 210 Fed. App'x 390, 394 (5th Cir. 2006) ("Although State Farm was willing to review additional information submitted by Appellant's attorney, State Farm never changed its position on any of the claims after the final decision letters were issued on March 31, 2003."); *Pace v. Travelers Lloyds of Tex. Ins. Co.*, 162 S.W.3d 632, 634 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (insurer's "continued effort to determine if there is coverage," as stated in a letter to the insured, did not affect limitations where insurer had previously denied the claim in plain language and provided its reasons for doing so).

In sum, Amtrust's June 13 letter to Knox unequivocally communicated a decision to deny coverage. Amtrust established as a matter of law that Knox's claim

accrued—and the contractual limitations period began to run—on June 13, 2017. Because Knox filed this lawsuit on May 20, 2020, nearly three years after its claim accrued, its claim was time-barred.

We overrule Knox's sole issue on appeal.

## CONCLUSION

We conclude that the trial court did not err in granting summary judgment on Amtrust's affirmative defense of limitations and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210296F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KNOX MEDITERRANEAN
FOODS, INC., Appellant

No. 05-21-00296-CV          V.

AMTRUST FINANCIAL
SERVICES, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-07086.
Opinion delivered by Justice
Goldstein. Justices Myers and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMTRUST FINANCIAL SERVICES recover its costs of this appeal from appellant KNOX MEDITERRANEAN FOODS, INC.

Judgment entered this 28th day of July 2022.