**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SUSAN AUER,

    Plaintiff - Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant - Appellee.

No. 23-1062
(D.C. No. 1:22-CV-01454-RM-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.
_____

This appeal involves the timeliness of an insurance claim. The plaintiff, Ms. Susan Auer, was injured in a car wreck. For these injuries, Ms. Auer obtained the limit of the other driver's coverage for liability insurance. But Ms. Auer thought the injuries were worth more, and she had

---

[*]    The parties don't request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

coverage for underinsured motorist benefits through State Farm Mutual Automobile Insurance Company. So Ms. Auer submitted a claim.

State Farm denied the claim, and Ms. Auer sued for breach of the insurance contract and for bad faith. The contract claim was time-barred, but a genuine dispute of material fact exists on timeliness of the bad-faith claims.

**1.    Ms. Auer considered the other driver underinsured.**

The car wreck took place in 2016. In July 2019, the other driver's insurer paid Ms. Auer $100,000, which represented that driver's policy limits on his liability coverage.

Ms. Auer had underinsured motorist coverage with State Farm, and she didn't think that $100,000 was enough to compensate for her injuries. So Ms. Auer's attorney made a claim with State Farm under her policy for underinsured motorist benefits. In connection with that claim, State Farm conducted an independent medical examination of Ms. Auer.

On November 4, 2019, State Farm and Ms. Auer's attorney discussed the claim and the independent medical examination. In this discussion, State Farm said that it believed the payment from the other insurance company had fully compensated Ms. Auer for her injuries. State Farm characterizes this statement as a denial of the claim. Ms. Auer disagrees, pointing out that State Farm agreed to monitor the claim for additional information.

Following this conversation, Ms. Auer's attorney gathered new medical evidence and submitted it to State Farm in June 2020. In discussing the new medical evidence, the attorney complained to State Farm that it had "declined to make any offer of settlement regarding [Ms. Auer's claim for underinsured motorist benefits], in effect denying [her] right to receive compensation pursuant to her . . . coverage." Appellee's Supp. App'x at 19. In light of State Farm's failure "to make any offer of settlement," the attorney alleged bad faith and offered to settle for $195,000. *Id.*

State Farm submitted the new medical evidence to a specialist. After the specialist finished reviewing the new evidence, State Farm said on July 30, 2020, that it wasn't changing its valuation of the claim.

Ms. Auer sued in March 2022, asserting three claims:

1. breach of contract,

2. common law bad faith in breaching the insurance contract, and

3. statutory liability for unreasonable delay and denial of an insurance claim.

The district court granted summary judgment to State Farm on all the claims, and Ms. Auer appeals.

## 2.    We apply the same standard that governed in district court.

We conduct de novo review of the grant of summary judgment, considering the evidence in the light most favorable to the non-moving

3

party. *See Martin K. Eby Constr. Co. v. OneBeacon Ins. Co.*, 777 F.3d 1132, 1137 (10th Cir. 2015). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**3.     The contract claim was untimely.**

On the contract claim, the parties agree that

- the limitations period was two years from the date that Ms. Auer had obtained payment from the other driver's insurance company (Colo. Rev. Stat. § 13-80-107.5(1)(b)) and

- Ms. Auer waited more than two years to assert a contract claim.

But Ms. Auer argues that a fact question existed on equitable tolling.

Periods of limitation are often subject to equitable tolling when flexibility is necessary to prevent an injustice. *Brown v. Walker Com., Inc.*, 521 P.3d 1014, 1021 (Colo. 2022). In Colorado, this flexibility may be appropriate when

- the defendant's wrongful conduct prevents timely filing of the complaint or

- timely filing is impossible because of extraordinary circumstances.

*Id.* at 1022 n.5.

Ms. Auer bases equitable tolling on extraordinary circumstances. In district court, however, Ms. Auer said little to support equitable tolling. For example, in responding to the motion for summary judgment, Ms. Auer

4

devoted only two sentences to equitable tolling, saying that her former attorney had a "debilitating medical condition" as a result of the Covid pandemic. Appellee's Supp. App'x at 26.

Despite the brevity of Ms. Auer's argument, her attorney presented an affidavit from her former attorney addressing the effect of Covid on the litigation. In that affidavit, the former attorney stated that (1) he had contracted Covid twice, once for a "considerable period of time" after July 2020 and again after December 2020 and (2) another attorney representing Ms. Auer had also gotten sick with Covid after December 2020. *Id.* at 30. But the attorney didn't say how long they had been sick or why their sicknesses would have prevented them from filing a complaint in the two years that they had. In addition, the attorney signing the affidavit had filed at least five documents in the last seven months of the limitations period. Appellee's Supp. App'x at 49, 53, 56, 59, 60.

On appeal, Ms. Auer adds an allegation that she cashed the other driver's check "during the pandemic's most impactful times, right after nearly the entire world shut down as people were becoming sicker and sicker each day." Appellant's Opening Br. at 9. Ms. Auer didn't make this allegation in district court. But even if we were to consider this argument, it would fail. Ms. Auer cashed the other driver's check in July 2019, and Ms. Auer doesn't present evidence of any reported Covid cases in the United States as of July 2019.

**4.    A factual dispute affects timeliness of the bad-faith claims.**

Ms. Auer also claimed bad faith, invoking both the common law and Colorado statutes. The district court regarded these claims as untimely.

The district court concluded that the period of limitations is again two years, and Ms. Auer agrees.[1] Colo. Rev. Stat. § 13-80-102(1)(a). So the question is when the bad-faith claims accrued.

The claims accrued "on the date both the injury and its cause [were] known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13–80–108(1). The parties agree that this date was when State Farm denied the claim. The question is when that denial took place. The parties identify two possible accrual dates:

1.    November 4, 2019, which is when an adjuster talked to Ms. Auer's attorney, and

2.    July 30, 2020, which is when State Farm said that it wouldn't change its valuation of Ms. Auer's claim.

Ms. Auer sued in March 2022, so the limitations period extended back only to March 2020. If the denial had taken place on November 4, 2019, the bad-faith claims would be untimely.

---

[1]    State Farm does not discuss the length of the limitations period.



If the denial had taken place on July 30, 2020, the claims would be timely.

Colorado law "[o]rdinarily" treats accrual of a claim as a "question[] of fact for a jury to resolve." *City & Cnty. of Denver v. Bd. of Cnty. Comm'rs*, ___ P.3d ___, 2024 WL 316914, at *5 (Colo. Jan. 29, 2024). The question entails a matter of law only "when the material facts are undisputed." *Id.*

The district court concluded that State Farm had denied the claim on November 4, 2019. This conclusion doesn't account for the ambiguity of State Farm's note from the conversation. The note says that Ms. Auer's "losses appear to be within" the limits of the tortfeasor's liability policy. Appellee's Supp. App'x at 18. But the notes don't say that State Farm is denying the claim. To the contrary, the insurer noted after the call that the claim was still "Pending." *Id.*



Viewed favorably to Ms. Auer, the insurer's notes don't definitively reflect a denial of the claim.

The Colorado Supreme Court hasn't addressed the effect of an insurer's inconclusive response like this one, but the Texas Supreme Court has, concluding "that 'when there is no outright denial of a claim, the exact date of accrual of a cause of action . . . should be a question of fact to be determined on a case-by-case basis.'" *Ehrig v. Germania Farm Mut. Ins. Ass'n*, 84 S.W.3d 320, 325 (Tex. App. 2002) (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 n.2 (Tex. 1990)).[2] "When the

---

[2]     The district court observed that Ms. Auer hadn't justified equitable tolling on the bad-faith claims. Ms. Auer criticizes this observation, stating that the district court focused on tolling rather than estoppel. There's a reason for that: Ms. Auer never mentioned estoppel in district court.

State Farm says that Ms. Auer waived equitable estoppel by failing to raise it. Ms. Auer argues in her reply brief that when equities are involved, estoppel is closely related to tolling. Ms. Auer took the opposite approach in her opening brief, arguing that "'equitable tolling' . . . is distinct from 'equitable estoppel.'" Appellant's Opening Br. at 10.

Ms. Auer was right the first time because Colorado law treats equitable tolling and estoppel as "analytically distinct." *Shell W. E&P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1008 (Colo. 1997). Given that distinction, Ms. Auer couldn't preserve a challenge involving estoppel through an argument for tolling. *See Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1143 (10th Cir. 2023) (stating that a party doesn't preserve an appellate argument by raising a related argument in district court). Because Ms. Auer didn't urge equitable estoppel when responding to the summary-judgment motion, she forfeited the issue. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011). We could address the issue under the plain-error standard. *Evanston Ins. Co. v. Law Off. of Michael P. Medved, P.C.*, 890 F.3d 1195, 1199 (10th Cir. 2018). But

facts are arguably not clear enough to put the aggrieved party on notice of a legal injury, the question of whether the facts are sufficient to put the party on notice or not should be determined by the factfinder." *Id.* at 325–26.

State Farm points to a later letter from Ms. Auer's attorney. In that letter, the attorney characterized the prior conversation as a denial of Ms. Auer's claim:

> We disagree with your denial of my Clients [sic] [under-insured] coverage and based on the nature and extent of her permanent life changing damages feel that Allstate [sic] had no reasonable basis for and acted in bad faith in valuing her claim in the manner you did in denying her [under-insured] coverage.

Appellee's Supp. App'x at 19. This letter could constitute evidence supporting State Farm's characterization of the prior call as a denial of the claim. But we must view the letter in a light favorable to Ms. Auer as the nonmovant. *See* Part 2, above. In that light, a factfinder could reasonably regard this language as a negotiating ploy, for the attorney then referred to the potential for a bad-faith claim.

This interpretation is supported by the attorney's later affidavit, which stated that

- the adjuster had not said that State Farm was denying the claim and

---

Ms. Auer hasn't urged plain error. So we decline to consider Ms. Auer's reliance on equitable estoppel. *See id.*

- "[s]ubsequently, [he] received no notification in writing or otherwise from State Farm that the [underinsured motorist] claim was being denied."

Appellee's Supp. App'x at 29. The conversation left the attorney with the impression that he should submit other evidence to support the claim. *See id.* He did so, and State Farm didn't respond by saying that it had already denied the claim. State Farm instead agreed to request review by a specialist.

Given the inconclusive nature of the claims note, the attorney's affidavit characterizing the prior discussion, and State Farm's later submission of new medical evidence to a specialist, a genuine issue of material fact exists regarding the date that the bad-faith claims accrued. *See Cork v. Sentry Ins.*, 194 P.3d 422, 428 (Colo. App. 2008) (concluding that a genuine issue of material fact existed on the accrual of a bad-faith claim). So the district court should have rejected State Farm's argument for summary judgment on the bad-faith claims.

* * *

Affirmed in part and reversed in part. The bad-faith claims are remanded for further proceedings in district court.

Entered for the Court

Robert E. Bacharach
Circuit Judge

10